ACCEPTED
12-15-00017-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/4/2015 4:00:03 PM
Pam Estes
CLERK

**ORAL ARGUMENT NOT REQUESTED**

**CAUSE NO. NO. 12-15-00017-CR**

**IN THE
COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
12/4/2015 4:00:03 PM
PAM ESTES
Clerk

_____

**ARTHUR JAMES WILLIAMS,**
**Appellant**

**VS.**

**THE STATE OF TEXAS,**
**Appellee**

_____

**Appeal in Cause No. 31592
On Appeal from the Third Judicial District Court
of Anderson County, Texas**

_____

**BRIEF FOR STATE**

_____

**Eric S.A. Houghton
Asst. Criminal District Attorney
Anderson County, Texas
Anderson County Courthouse
Palestine, Texas  75801
Texas Bar No. #24012855
903/723-7400**

i

# IDENTITY OF PARTIES AND COUNSEL

**JUDGE PRESIDING:**

THE HONORABLE PAMELA FOSTER FLETCHER

**DEFENDANT/APPELLANT:**

ARTHUR JAMES WILLIAMS

**FOR THE DEFENDANT:**

APPELLATE ATTORNEY
COLIN MCFALL
513 N CHURCH ST
PALESTINE, TX  75801

TRIAL COUNSEL
COLIN MCFALL
513 N CHURCH ST
PALESTINE, TX  75801

**FOR THE STATE:**

TRIAL COUNSELS
STANLEY SOKOLOSKI

ON APPEAL
ERIC S.A. HOUGHTON
ASSISTANT CRIMINAL DISTRICT ATTORNEY
ANDERSON COUNTY COURTHOUSE
500 N. CHURCH STREET, RM. 38
PALESTINE, TX  75801
(903) 723-7400

# **TABLE OF CONTENTS**

**PAGE**

Identity of Parties and Counsel . . . . . . . ii

Table of Contents . . . . . . . . . iii

Index of Authorities . . . . . . . . iv

Statement of the Case . . . . . . . . 1

Issues Presented . . . . . . . . . 1

Statement of Facts . . . . . . . . . 1

Summary of Argument . . . . . . . . 2

Argument . . . . . . . . . . 2-5

Prayer . . . . . . . . . . 6

Certificate of Service . . . . . . . . 7

Certificate of Word Count . . . . . . . 7

# INDEX OF AUTHORITIES

**Cases**                                                                                          **Page**

*Acosta v. State*, 429 S.W.3d 621 (Tex.Crim.App.2014)     .     .     .     2

*Brown v. State*, 270 S.W.3d 564 (Tex.Crim.App.2009)     .     .     .     2

*Chambers v. State*, 805 S.W.2d 459 (Tex. Crim. App. 1991)     .     .     3

*Clayton v. State*, 235 S.W.3d 772 (Tex.Crim.App.2007)     .     .     .     2,3

*Dewberry v. State*, 4 S.W.3d 735 (Tex.Crim.App.1999)     .     .     .     3

*Hooper v. State*, 214 S.W.3d 9 (Tex.Crim.App.2007)     .     .     .     3

*Jackson v. Virginia*, 443 U.S. 307 (1979)     .     .     .     .     .     2,3


**Statutes**

*Tex. Code Crim. Proc. Ann. Art.* 38.04 (Vernon Supp. 2009)     .     .     3

*Tex. Penal Code Ann.* § 30.02 (Vernon Supp. 2009)     .     .     .     4

## STATEMENT OF THE CASE

The Statement of the case is as stated in appellant's brief page 7, with the correction that the defendant was found guilty of the offense of Burglary of a Habitation (V3, P140-141), not Forgery as inadvertently stated in Appellant's statement of facts. The Reporter's Record will be referred to as "V1, V2, etc." unless otherwise noted. The Clerk's Record will be referred to as "CR1" or "CR2." Appellant's Brief will be referred to as "AB" unless otherwise noted. Appellee is referred to as "State".

## ISSUES PRESENTED

Appellant contends the evidence is legally insufficient to support a conviction for burglary of a habitation.

## STATEMENT OF FACTS

Are as stated in Appellant's brief.

## SUMMARY OF ARGUMENT

Appellant contends the evidence is legally insufficient to support conviction a conviction for burglary of a habitation.

## ARGUMENT

The evidence presented at trial is legally sufficient to support a conviction for burglary of a habitation.

In reviewing the sufficiency of the evidence to support a conviction, appellate courts view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App.2007); *Acosta* 429 S.W.3d at 624-5. This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See Tex.Code Crim. Proc. Ann. art.* 38.04 (Vernon 2013); *Brown v. State*, 270 S.W.3d 564, 568 (Tex.Crim.App.2008), cert. denied, 556 U.S. 1211 (2009), vacated on other grounds by *Ex parte Brown*, 2014

Tex. Crim. App. Unpub. LEXIS 984 (2014). Thus, reviewing courts may not re-evaluate the weight and credibility of the evidence and substitute their judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App.1999), cert. denied, 529 U.S. 1131 (2000). Instead, appellate courts "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex.Crim.App.2007). Reviewing courts must presume that the fact finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

It is well established that the fact finder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Appellant raises on appeal that the evidence is insufficient to support his conviction for one count of burglary of a habitation.

A person commits the offense of Burglary of a Habitation if, without the effective consent of the owner, the person enters a habitation or a

building (or any portion of a building) not then open to the public, with intent to commit theft or enters a building or habitation and commits or attempts to commit theft. *Tex. Penal Code Ann.* § 30.02 (Vernon Supp. 2009)

Appellant argues "the only evidence presented at trial that arguably addressed Appellant's intent to commit theft, as he entered the habitation of Phillip Morris, on the 28th night of June 2013, is conflicting testimony regarding the scratches or 'pry marks.'" (AB P15-16)

During trial, Detective Heavner testified that at 10 pm on the night of the offense he responded to an alarm at the complainant's residence, approached the garage door, and saw Appellant inside the garage with tools in his hands. (V3, P41-43)  Detective Heavner further testified that when he pushed the garage door open, Appellant pushed back, at which time Detective Heavner kicked the door causing the Appellant and tools to fall to the ground.  (V3, P41-43)

Furthermore, Ms. Morris, the homeowner, testified that the morning after the offense she and her husband found her garden cart had been moved to the other side of their hedge, and the usual items she had left in the cart "were piled out and …. there were tools in there that belonged to Phillip [her

husband]." She further testified that these tools were electrical and woodworking tools that had been taken from of the garage and placed in the cart. (V3, P24-25) Ms. Morris also stated their house and garage had an alarm system which had been activated that evening, and the garage door was locked. (V3, P26-27) Finally, Ms. Morris testified no one had permission to enter her garage and take her husband's tools. (V3 P32-33)

The jury, as finder of fact, could choose to believe her testimony in its entirety. Her testimony alone provides ample evidence to support a conviction for burglary of a habitation. Furthermore, the Appellant was discovered by Detective Heavner inside the complaint's garage with the complainant's tools in his arms at ten o'clock at night. The complainant had set the alarm system earlier that evening and locked the garage door. Finally, additional tools were discovered by the complainant the next morning which had been taken from the garage and placed in a garden cart in order to assist the Appellant in the commission of the offense. The Appellant's actions go well beyond "mere preparation," and as such, there is legally sufficient evidence to support Appellant's conviction for burglary of a habitation and his appeal should be denied.

## PRAYER

**WHEREFORE** the Appellee prays that the Court upon consideration

hereof affirm the decision of the Trial Court.

Respectfully submitted by,

_____
**ERIC S.A. HOUGHTON**
Asst. Criminal District Attorney
Anderson County, Texas
Anderson County Courthouse
500 N. Church Street, RM 38
Palestine, Texas  75801
Texas Bar No. #24012855
(903)723-7400

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Brief for the State has been delivered via email to: COLIN MCFALL on this the 4th day of December, 2015, in accordance with the provisions of the Texas Rules of Criminal and Appellate Procedure.

_____
**ERIC S.A. HOUGHTON**
**ASST. CRIMINAL DISTRICT ATTORNEY**

## CERTIFICATE OF WORD COUNT

I also certify that the entire word count of the State's reply brief is 1,470 words.

_____
**ERIC S.A. HOUGHTON**
**ASST. CRIMINAL DISTRICT ATTORNEY**